IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICCUS FORTIORI individually and on behalf of all others similarly situated, § § § | | |
| Plaintiff, § | | |
| v. § § | Civil Action No. 4:25-cv-01793 | |
| CITY OF HOUSTON, TEXAS, a government entity, § § § | JURY TRIAL DEMANDED | |
| Defendant. § § § | COLLECTIVE ACTION | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Patriccus Fortiori ("Plaintiff" or "Fortiori"), individually and on behalf of all other similarly situated employees, files this Complaint against Defendant City of Houston, Texas ("Defendant" or "COH"), showing in support as follows:

### I.   NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

1

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES

### A.   Plaintiff Patriccus Fortiori

4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about July 2020. Plaintiff is a current employee. During the relevant time period at issue, Plaintiff worked for Defendant as a salaried supervisor at Defendant's Solid Waste Management Department from on or about July 2020 through October 2022. He is currently employed with COH, but no longer as a supervisor.

6. At all times during the relevant time period referenced above, Plaintiff was paid on a salary basis of approximately $67,000.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.   Collective Action Members

8. The putative Collective Action Members are all current or former salary paid Solid Waste Management Department supervisors and superintendents employed by Defendant, who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

C. **Defendant City of Houston, Texas**

10. Defendant is a government entity under the laws of the State of Texas with its principal place of business in Harris County, Texas.

11. Defendant may be served with summons through its registered agent City of Houston Secretary, Pat. J. Daniel, or a person she so designates to accept service, at 900 Bagby Street, Room P101, Houston, Texas 77002.

12. Defendant is covered under the FLSA pursuant to Section 3(s)(1)(C), which covers all public agency employees of a State, a political subdivision of a State, or an interstate government agency.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

14. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant is located and operates in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

15. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV. FACTUAL BACKGROUND

16. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

17. Plaintiff was employed by Defendant as a supervisor in connection with its Solid Waste Management Department. His primary job duties involved designating trash pickup routes in the morning for approximately 30 minutes, then the rest of his day was spent responding to resident issues involving trash and recycling pickup and travelling either in a COH trash pickup truck or using his own truck to drive around the city to address trash and recycling issues from complaining residents. Most of Plaintiff's duties involved manual labor associated with trash pickup because the COH Solid Waste Management Department is continually behind schedule, so all employees had to help cover being behind schedule.

18. Plaintiff's primary job duties did not consist of hiring, firing, and/or supervising workers.

19. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 70 hours of work for Defendant on average. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each workweek.

20. During times relevant, Defendant employs/employed numerous other supervisor and superintendent employees in connection with its Solid Waste Management Department who are/were similarly situated to Plaintiff. Those employees are/were also paid on a salary basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

21. Defendant's uniform wage payment policy and/or practice resulted in Plaintiff and similarly situated employees not being paid all overtime wages owed to them by Defendant in violation of the FLSA.

## V.    **FLSA CLAIMS FOR OVERTIME PAY**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. At all relevant times, Defendant was an eligible and covered employer and state entity under the FLSA.

24. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA.

25. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

26. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

27. Defendant is required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

28. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

29. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a

daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

30. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

31. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

32. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

33. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. COLLECTIVE ACTION CLAIMS

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. Where, as here, Defendant's actions or policies were effectuated on a citywide and department wide basis, notice may be sent to all similarly situated persons on a citywide and department-wide basis.

36. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former salary paid supervisor and superintendent employees at Defendant's Solid Waste Management Department who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

37. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, and did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

38. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

39. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

40. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

41. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

42. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

43. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.  JURY DEMAND

44. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

45. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

   g. All other relief to which Plaintiff and the putative Collective Action Members may be justly entitled.

Dated: April 18, 2025

Respectfully submitted,

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas State Bar No. 24062947
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas State Bar No. 24080773
marbuckle@wageandhourfirm.com
**Wage and Hour Firm**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS