IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PATRICCUS FORTIORI** § <br> individually and on behalf of all others § <br> similarly situated, § <br> § <br> *Plaintiff,* § <br> § <br> **V.** § <br> § <br> **CITY OF HOUSTON, TEXAS** § <br> § <br> *Defendant.* § | **CIVIL ACTION NO. 4:25-cv-01793** |

**DEFENDANT CITY OF HOUSTON'S ANSWER TO
PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant, CITY OF HOUSTON, TEXAS (hereinafter "City" or "COH") now files its Answer to Plaintiff's Original Class Action Complaint and would respectfully show this Court as follows:

**FIRST DEFENSE**
**(Admissions and Denials)**

1.   To the extent not expressly admitted, City denies all allegations asserted by Plaintiff Patriccus Fortiori (hereinafter "Plaintiff" or "Fortiori").

2.   The legal conclusions included in paragraphs 1-3, require no responsive pleading; the factual averments contained therein against City are all denied. Specifically, City would show that at all pertinent times, Plaintiff was a properly compensated, administrative employee paid in conformity with the Salary basis requirements of the Fair Labor Standards Act ("FLSA"), he is exempt from the minimum-wage and maximum hour provisions of the FLSA and no rights or entitlements of Plaintiff, or any alleged putative class, were denied or violated under the FLSA.

> "4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff has standing to file this lawsuit."

3. City does not have sufficient information and cannot admit or deny that Plaintiff resides in Harris County. Any remaining allegations in paragraph 4 above are denied. The legal conclusions included require no responsive pleading.

> "5. Plaintiff began working for Defendant on or about July 2020. Plaintiff is a current employee. During the relevant time period at issue, Plaintiff worked for Defendant as a salaried supervisor at Defendant's Solid Waste Management Department from on or about July 2020 through October 2022. He is currently employed with COH, but no longer as a supervisor."

4. Regarding paragraph 5, City admits that Plaintiff became employed with City on July 6, 2020, as an exempt, full time Solid Waste Supervisor. Plaintiff voluntarily resigned his employment on October 4, 2022. Defendant was rehired as a Division Manager with City's Parks and Recreation Department on February 5, 2024. Defendant denies that Plaintiff is a current employee or still employed with City as he was separated from employment with City of Houston on January 9, 2025. Defendant denies any remaining factual and legal averment contained in paragraph 5.

> "6. At all times during the relevant time period referenced above, Plaintiff was paid on a salary basis of approximately $67,000."

5. Defendant admits Plaintiff was paid on a salary basis. Plaintiff's rate of pay upon initial hire on July 6, 2020, was $2,450 biweekly. Upon rehire as a Division Manager, Plaintiff was a full time exempt employee at a rate of pay of $92,800 yearly. Defendant denies any remaining factual and legal averment contained in paragraph 6 above.

> "7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1."

6. The averments in paragraph 7 require no responsive pleading.

> "8. The putative Collective Action Members are all current or former salary paid Solid Waste Management Department supervisors and superintendents employed by Defendant, who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA."

7. Defendant denies the factual and legal averment contained in paragraph 8 above. More specifically, Defendant admits that employees of City employed as Solid Waste Management Department supervisors and superintendents are not similarly situated employees and do not qualify as a putative class or classes.

> "9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward."

8. Defendant denies the factual and legal averment contained in paragraph 9 above.

> "10. Defendant is a government entity under the laws of the State of Texas with its principal place of business in Harris County, Texas."

9. The legal conclusions included in paragraph 10 require no responsive pleading.

> "11. Defendant may be served with summons through its registered agent City of Houston Secretary, Pat. J. Daniel, or a person she so designates to accept service, at 900 Bagby Street, Room P101, Houston, Texas 77002."

10. The legal conclusions included in paragraph 11 require no responsive pleading.

> "12. Defendant is covered under the FLSA pursuant to Section 3(s)(1)(C), which covers all public agency employees of a State, a political subdivision of a State, or an interstate government agency."

11. The legal conclusions included in paragraph 12 require no responsive pleading.

> "13. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. See 29 U.S.C. § 216(b)."

> "14. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant is located and operates in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District."
>
> "15. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division."

12. The legal conclusions included in paragraphs 13 require no responsive pleading. Defendant admits that the Court has jurisdiction over this case and that venue is appropriate in paragraphs 13-15 of Plaintiff's Complaint.

> "16. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section."

13. The averment in paragraph 16 requires no responsive pleading.

> "17. Plaintiff was employed by Defendant as a supervisor in connection with its Solid Waste Management Department. His primary job duties involved designating trash pickup routes in the morning for approximately 30 minutes, then the rest of his day was spent responding to resident issues involving trash and recycling pickup and travelling either in a COH trash pickup truck or using his own truck to drive around the city to address trash and recycling issues from complaining residents. Most of Plaintiff's duties involved manual labor associated with trash pickup because the COH Solid Waste Management Department is continually behind schedule, so all employees had to help cover being behind schedule."

14. City denies the factual and legal averment contained in paragraph 17. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "18. Plaintiff's primary job duties did not consist of hiring, firing,

**and/or supervising workers."**

15. City denies the factual and legal averment contained in paragraph 18. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"19. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 70 hours of work for Defendant on average. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each workweek."**

16. City denies the factual and legal averment contained in paragraph 19. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"20. During times relevant, Defendant employs/employed numerous other supervisor and superintendent employees in connection with its Solid Waste Management Department who are/were similarly situated to Plaintiff. Those employees are/were also paid on a salary basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one- half their respective regular rates of pay for all hours worked over 40 in each and every workweek."**

17. City denies the factual and legal averment contained in paragraph 20. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is

exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "21.   **Defendant's uniform wage payment policy and/or practice resulted in Plaintiff and similarly situated employees not being paid all overtime wages owed to them by Defendant in violation of the FLSA."**

18.   City denies the factual and legal averment contained in paragraph 21. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "22.   **Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section."**

19.   The averment in paragraph 22 requires no responsive pleading.

> "23.   **At all relevant times, Defendant was an eligible and covered employer and state entity under the FLSA."**

20.   City denies the factual and legal averment contained in paragraph 23. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "24.   **Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA."**

21.   City denies the factual and legal averment contained in paragraph 24. City would

show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "25. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA."

22. City denies the factual and legal averment contained in paragraph 25. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "26. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant."

23. City denies the factual and legal averment contained in paragraph 26. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "27. Defendant is required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1)."

24. City denies the factual and legal averment contained in paragraph 27. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"28. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA."**

25. City denies the factual and legal averment contained in paragraph 28. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"29. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. See 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5."**

26. City denies the factual and legal averment contained in paragraph 29. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair

Labor Standards Act.

> "30.    Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b)."

27.    City denies the factual and legal averment contained in paragraph 30. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "31.    Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek."

28.    City denies the factual and legal averment contained in paragraph 31. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "32.    Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a)."

29.    City denies the factual and legal averment contained in paragraph 32. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is

exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "33. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest."

30. City denies the factual and legal averment contained in paragraph 32. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section."

31. The averment in paragraph 34 requires no responsive pleading.

> "35. Where, as here, Defendant's actions or policies were effectuated on a citywide and department wide basis, notice may be sent to all similarly situated persons on a citywide and department-wide basis."

32. City denies the factual and legal averment contained in paragraph 35. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> "36. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined

**as:**

> **All current and former salary paid supervisor and superintendent employees at Defendant's Solid Waste Management Department who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action."**

33. City denies the factual and legal averment contained in paragraph 36. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"37.     Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, and did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek."**

34. City denies the factual and legal averment contained in paragraph 37. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"38.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA."**

35.  City denies the factual and legal averment contained in paragraph 38. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated

administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"39.    Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members."**

36.     City denies the factual and legal averment contained in paragraph 39. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"40.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment."**

37.     City denies the factual and legal averment contained in paragraph 40. City would show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"41.    Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them."**

38.     City denies the factual and legal averment contained in paragraph 41. City would

show that at all pertinent times, Plaintiff PATRICCUS FORTIORI is a properly compensated administrative employee paid in conformity with the Salary basis requirements of the FLSA, he is exempt from the minimum-wage and maximum hour provisions of the FLSA; no rights or entitlements of the Plaintiff or any alleged putative class were denied or violated under the Fair Labor Standards Act.

> **"42.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding."**

39.     The legal conclusions included in paragraph 42 require no responsive pleading; the factual averments contained therein against City are denied.

> **"43.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified."**

40.     The legal conclusions included in paragraph 43, require no responsive pleading; the factual averments contained therein against City are denied.

> **"44.     Plaintiff demands a jury trial."**

41.     The legal conclusions included in paragraph 44 require no responsive pleading.

42.     City denies the factual averments for entitlement to recovery of damages contained in paragraph 45.

## AFFIRMATIVE DEFENSES

43.     Defendant would show that there has been no violation of the Plaintiff's constitutional rights or any rights under the Fair Labor Standards Act (FLSA) for Plaintiff or for any claimed putative class of alleged similarly situated persons.

44.     Without waiving the foregoing, Defendant would should that at all times, Defendant acted with a legitimate, non-discriminatory purpose.

45. The Plaintiff failed to state a claim or cause of action upon which relief can be granted.

46. Plaintiff is not authorized to invoke a private cause of action under the FLSA for failure to maintain accurate records as alleged in paragraph 29 of his Complaint.

47. Plaintiff was paid in conformity with the requirements set forth in the FLSA, because Plaintiff's work was not covered by the minimum and overtime wage requirements of the FLSA. Specifically, Plaintiff's claims are barred because the work he performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. This defense may also be applied to some or all of any members of a claimed putative class of alleged similarly situated persons.

48. Plaintiff's request for a collective action is invalid because there are no similarly situated persons and Plaintiff is not an adequate representative.

49. Defendant hereby pleads as a defense, Plaintiff's failure to meet any applicable notice or administrative filing requirements imposed by law as a pre-condition to the assertion of any claims that may be contained in this complaint.

50. Defendant pleads that Plaintiff failed to perform all conditions precedent to the filing of this lawsuit.

51. City, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and City asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages and/or the applicable statute of limitations. This defense may also be applied to some or all of any members of a claimed putative class of alleged similarly situated persons.

52. Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*. This defense may also be applied to some or all of any members of a claimed putative

class of alleged similarly situated persons.

53.    Plaintiff's alleged injuries were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by City. This defense may also be applied to some or all of any members of a claimed putative class of alleged similarly situated persons.

54.    Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of their stated claims. This defense may also be applied to some or all of any members of a claimed putative class of alleged similarly situated persons.

55.    Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

56.    Plaintiff has been paid and/or received all wages due to him. All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

57.    To the extent liability, affirmative defenses and/or damages, if any, to each member of the alleged group Plaintiff purports to represent are not determined by a single jury or is determined on a group-wide basis, permitting this action to proceed as a collective or class action violates City's rights under the Seventh, Eighth and Fourteenth Amendments to the United States Constitution.

## RESERVATIONS

58.    Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendant reserves their right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendant may deem proper.

## JURY DEMAND

59.    City requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, City of Houston respectfully requests that this Court: (a) dismiss Plaintiff's Original Collective Action Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award City of Houston costs and reasonable attorney's fees incurred in the defense of this action under the FLSA; and (d) grant such other and further relief as the Court deems just and proper.

Signed on May 20, 2025.

    Respectfully submitted

**ARTURO G. MICHEL**
City Attorney

**DEIDRA NORRIS SULLIVAN**
Section Chief,
Labor, Employment & Civil Service
State Bar No. 24080648
Fed. Bar No. 1338580
Deidra.Sullivan@houstontx.gov

By: */s/ N. Lucy Chukwurah*
**LUCY CHUKWURAH**
Senior Assistant City Attorney
State Bar No. 24045657
Fed. Bar No. 898307
Lucy.Chukwurah@houstontx.gov
Tel. (832) 393-6309

City of Houston Legal Department
Labor, Employment & Civil Service
P.O. Box 368
Houston, Texas 77001-0368
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, a true and correct copy of DEFENDANT CITY OF HOUSTON'S ANSWER TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT in compliance with the Federal Rules of Civil Procedure was delivered via CM/ECF system to:

>Ricardo J. Prieto
>rprieto@wageandhourfirm.com
>Melinda Arbuckle
>marbuckle@wageandhourfirm.com
>**Wage and Hour Firm**
>5050 Quorum Drive, Suite 700
>Dallas, Texas 75254
>(214) 489-7653 – Telephone
>(469) 319-0317 – Facsimile
>
>ATTORNEYS FOR PLAINTIFF AND
>PUTATIVE COLLECTIVE ACTION MEMBERS