# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICCUS FORTIORI individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-cv-01793 |
| CITY OF HOUSTON, TEXAS, a government entity, | § § § § | |
| Defendant. | § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties held their Rule 26(f) conference by email on July 8, 2025. Counsel for Plaintiff is Ricardo J. Prieto. Counsel for Defendant is N. Lucy Chukwurah.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff's Contentions: Plaintiff is a current salary paid Solid Waste Management Department supervisor employed by Defendant. Plaintiff was salary misclassified and thus not paid time and one-half his respective regular rate of pay for all hours worked over 40, pursuant to the FLSA.

   Defendant's Contentions: Defendant denies Plaintiff is a current employee and denies misclassification and failure to pay overtime allegations. Defendant asserts that at all times Plaintiff was properly paid and that Defendant fully complied with federal wage and hour laws. At all times Defendant maintained policies and requirements that all time be recorded and reported for payment in its electronic timekeeping system by Plaintiff. Defendant incorporates by reference the defenses asserted in its Answer.

4. **Specify the allegation of federal jurisdiction.**

   This Court has subject matter jurisdiction over this case based on federal question

1

jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. See 29 U.S.C. § 216(b).

5. **Identify the parties who disagree and the reasons.**

    None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    Plaintiff believes that there exists other "similarly situated" current and former employees of Defendant who may join this case as opt-in plaintiffs under the collective action provisions of 29 U.S.C. § 216(b).

    Defendant denies there are "similarly situated" current and former employees and that this cause does not qualify for certification under the class action provisions of 29 U.S.C. § 216(b). Defendant asserts that treatment of this case as a collective is not appropriate and opposes notice. Specifically, the lead plaintiff, Patriccus Fortiori, is not similarly situated to those he seeks to represent. Mr. Fortiori was a management-level employee who oversaw operations, supervised personnel, and his recommendations to hire and fire, as allowed under municipal charter, were given great weight. A conflict exists between the interests of Mr. Fortiori and those he would represent. To the extent that Plaintiff desires to seek certification, Defendants request that discovery be conducted prior to such briefing consistent with the Fifth Circuit's decision in *Swales*.

7. **List anticipated interventions.**

    None.

8. **Describe class-action or collective-action issues.**

    Plaintiff alleges that this case is appropriate for collective action treatment under 29 U.S.C. 216(b).

    Defendant believes that the case should not extend beyond the original named parties and incorporates by reference its response to item 6, above.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The Parties will exchange initial disclosures no later than two (2) weeks after the initial scheduling conference.

10. **Describe the proposed agreed discovery plan, including:**

    The Parties agree to a two-phase discovery. Phase I shall only cover topics related to

certification of a collective action. Phase II shall cover the merits of the case as it relates to the collective, if the Court grants Plaintiff's motion for *Swales* FLSA certification, or to the named Plaintiff only, if the Court denies Plaintiff's motion for *Swales* FLSA certification.

The Parties propose 6 months for Phase I discovery and that Plaintiff's motion for *Swales* FLSA certification be due 30 days after the end of Phase I discovery. Defendant shall respond to the motion within 30 days. Plaintiff shall reply to the response within 15 days. After the Court rules on Plaintiff's motion, the Parties shall meet and confer to discuss proposed remaining deadlines in the case including Phase II, dispositive motions, and trial, and shall submit a proposed scheduling order to the Court.

The Parties disagree as to allowance of a sur-reply for the motion for certification.

Plaintiff contends the local rules of the Southern District of Texas do not provide for a sur-reply

Defendant contends a sur-reply is not barred by the applicable local rules and that the order regarding Phase 1 discovery should have a deadline for seven (7) days after Plaintiff's files a reply.

A.  **Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

   The Parties agree to electronic service of all pleadings, discovery, and other litigation-related matters in lieu of service by mail, express mail, overnight delivery, or fax transmission as required by the Federal Rules of Civil Procedure, which electronic service shall be complete at the time of transmission. The subject line of any item requiring service shall begin with the following nomenclature in the subject line of the electronic mail: ELECTRONIC SERVICE – [FORTIORI] – [NAME OF PLEADING/DOCUMENT].

   Plaintiff agrees to accept electronic service if sent to all of the following email addresses:

   marbuckle@wageandhourfirm.com
   rprieto@wageandhourfirm.com
   assistant@wageandhourfirm.com

   Defendant agrees to accept electronic service if sent to all of the following email addresses:

   N. Lucy Chukwurah
   lucy.chukwurah@houstontx.gov
   Rayneeda Adams
   Rayneeda.adams@houstontx.gov

3

B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff anticipates sending interrogatories to Defendant within the discovery period. Phase I discovery shall only relate to issues related to certification of an FLSA collective action.

C.  **When and to whom the defendant anticipates it may send interrogatories.**

   Defendant anticipates conducting discovery on Plaintiff and putative collective members that might join this case regarding their employment records with Defendant, written communications related to the lawsuit, and materials related to Plaintiff's claimed damages within the discovery period.

D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates deposing Defendant's 30(b)(6) corporate representative and/or the manager(s) of Plaintiff and Opt-in Plaintiffs during Phase 1, reserving questions outside of the scope of the *Swales* inquiry for a second deposition of its 30(b)(6) corporate representative and/or the manager(s) of Plaintiff and Opt-in Plaintiffs for after a determination on whether notice should issue to the putative collective action members. During Phase 2, Plaintiff may depose other fact witnesses.

E.  **Of whom and by when the defendant anticipates taking oral depositions.**

   As to all phases of discovery, Defendant anticipates deposing Plaintiff and putative collective members prior to the close of discovery.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   Plaintiff shall designate his counsel for purposes of establishing reasonable and necessary attorney fees in the event Plaintiff is a prevailing party, but the application for attorney's fees with supporting documentation shall be submitted to the court timing wise as is customary in FLSA litigation, assuming Plaintiff is a "prevailing party", as that term is defined under the FLSA.

   Defendant designates counsel for Defendant as its experts on attorney fees and costs.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

None.

    H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    None.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Parties are in agreement.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    Phase I Discovery – 6 months.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties believe that mediation may be suitable for this case after enough discovery has taken place for the Parties to properly appraise their position in the litigation.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation by private mediator or through a U.S. Magistrate Judge assigned by the Court.

16. **Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    A jury demand has been timely made.

18. **Specify the number of hours it will likely take to present the evidence in this case.**

    The parties estimate that they will need 40-80 hours, exclusive of arguments, pretrial motions, voir dire, deliberation, etc., but the number of hours will depend on whether the case if certified as a collective action and the number of opt-in plaintiffs that join the case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None.

20. **List other pending motions.**

   None.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

   None.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

   Plaintiff filed their Disclosure of Interested Persons on May 6, 2025.

   Defendant filed their Disclosure of Interested Persons on May 20, 2025.

23. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

| | |
|---|---|
| Ricardo J. Prieto<br>Texas Bar No. 24062947<br>rprieto@wageandhourfirm.com<br>Melinda Arbuckle<br>Texas Bar No. 24080773<br>marbuckle@wageandhourfirm.com<br>Wage and Hour Firm<br>5050 Quorum Drive, Suite 700<br>Dallas, Texas 75254<br>(214) 489-7653 – Telephone<br>(469) 319-0317 – Facsimile<br><br>COUNSEL FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS | Deidra Norris Sullivan<br>State Bar No. 24080648<br>Fed. Bar No. 1338580<br>Deidra.sullivan@houstontx.gov<br>N. Lucy Chukwurah<br>State Bar No. 24045657<br>Fed. Bar No. 898307<br>Lucy.chukwurah@houstontx.gov<br>City of Houston Legal Department<br>Labor, Employment & Civil Service<br>P.O. Box 368<br>Houston, Texas 77001-0368<br><br>ATTORNEYS FOR DEFENDANT |

s/Melinda Arbuckle                           July 9, 2025
  Counsel for Plaintiff(s)                        Date

| s/ N. Lucy Chukwurah | July 9, 2025 (*with permission*) |
|---|---|
| Counsel for Defendant(s) | Date |